UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CRYSTAL LANGFORD,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　) 　No. 3:05-cv-159
　　　　　　　　　　　　　　　　) 　(Guyton)
GATLINBURG REAL ESTATE &　　　　)
RENTAL CO., INC., et al.,　　　 )
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　 )

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 28]. Presently before the Court are the Motion for Summary Judgment filed by the Defendant Square D Company ("Square D") [Doc. 42] and the Motion for Summary Judgment filed by the Defendants Alton Lewis and Dee R. Lewis, d/b/a Bee Spas [Doc. 44]. The Court held a hearing on these motions on October 2, 2006.

**I.      Introduction**

This is a products liability action brought pursuant to the Tennessee Products Liability Act, Tenn. Code Ann. § 29-28-101, *et seq*. The plaintiff Crystal Langford initially brought this action against Gatlinburg Real Estate & Rental Co., Inc. ("Gatlinburg Real Estate"), and Alton Lewis, Lee Ann Lewis, and Dee R. Lewis, d/b/a Bee Spas (collectively "Bee Spas"), alleging that

a "defective hot tub and its electrical connections caused a fire to originate and to burn down the plaintiff's premises including all furnishings in the home." [Doc. 1]. In its answer, Bee Spas denied liability and further asserted as an affirmative defense that the plaintiff's damages may have been caused and/or exacerbated by the manufacturer of the hot tub, Hawkeye Manufacturing, Inc. ("Hawkeye") or the manufacturer of the ground fault interrupter circuit ("GFIC") in the hot tub, Square D. [Doc. 7]. Based upon Bee Spas's assertion of comparative fault, the plaintiff moved to amend her complaint on June 23, 2005 to name Hawkeye and Square D as defendants in this action. [Doc. 14]. The Court granted the plaintiff's motion to amend on July 12, 2005. [Doc. 19].

Square D and Bee Spas now move for summary judgment. [Docs. 42, 44]. After carefully considering the record, the Court concludes that the defendant Square D is entitled to summary judgment on all claims asserted by the plaintiff. The Court further concludes that the defendant Bee Spas is entitled to summary judgment on the claims of strict liability and breach of warranty asserted by the plaintiff but not as to the plaintiff's claims of negligence.

## II. The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the

non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. Id. at 248. The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

Once the moving party presents evidence sufficient to carry its burden under Rule 56, the non-moving party may not rest upon its pleadings, but must affirmatively set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An entry of summary judgment is mandated if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the evidence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52; see also Gaines v. Runyon, 107 F.3d 1171, 1174-75 (6th Cir. 1997) (requiring non-moving party "to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial" in order to defeat summary judgment).

### III. Square D's Motion for Summary Judgment

Square D moves for an Order entering summary judgment in its favor on the ground that there is no genuine issue as to any material fact and that Square D is entitled to a judgment as a matter of law. [Doc. 42]. Specifically, Square D contends: (1) that the GFCI was not defective

or unreasonably dangerous at the time the product left Square D's control; (2) that the plaintiff's experts have not expressed an opinion that the GFCI was defective or unreasonably dangerous; and (3) that the plaintiff has not traced the cause or origin of the fire to some specific error in the construction or design of the GFCI as required by Tennessee law. In support of its motion, Square D relies on the affidavit of Terry L. Tiede, a Square D Senior Staff Engineer, and the plaintiff's Rule 26 expert disclosures.

The plaintiff filed a response [Doc. 57], indicating that she does not oppose Square D's motion. However, the plaintiff contends in her response that if any of the defendants intend to assign fault to Square D for this fire, then that defendant should oppose the motion or else be precluded from asserting Square D's fault at trial. The plaintiff further contends that the verdict form should not include Square D, if the motion for summary judgment is granted without opposition. To date, none of the defendants have filed any opposition to Square D's motion.

Upon review of Square D's motion and the entire record of this cause, the Court finds that Square D's Motion for Summary Judgment [Doc. 42] is well-taken, and it is therefore **GRANTED**. The Court finds that the plaintiff's requests that any of the defendants be precluded from asserting the comparative fault of Square D at trial or that Square D not appear on the verdict form to be premature at this time.

### IV. <u>Bee Spas' Motion for Summary Judgment</u>

Bee Spas moves for summary judgment with respect to the plaintiff's products liability, strict liability, and breach of warranty claims. [Doc. 44]. In support of its motion, Bee Spas relies upon Square D's motion and argues that if the Court grants Square D's motion on the grounds

4

that there is no evidence that the GFIC was defective or unreasonably dangerous, then Bee Spas should also be granted summary judgment on the plaintiff's product liability claims. Additionally, Bee Spas contends that it should be granted summary judgment on all of the plaintiff's strict liability claims related to the hot tub and GFIC because the manufacturers of the respective items are involved in this lawsuit and are not insolvent. Finally, Bee Spas contends that any claims for breach of warranty are barred by the statute of limitations, Tenn. Code Ann. § 47-2-725.

The plaintiff, while not opposing Bee Spas' motion with respect to the strict liability and breach of warranty claims, argues that the motion should be denied with respect to the plaintiff's claims of negligence. [Doc. 58]. Specifically, the plaintiff contends that Bee Spas was negligent in its maintenance of the hot tub, was aware of the malfunctions occurring in the hot tub, and was aware of the unreasonably dangerous condition that could occur due to these malfunctions.

After carefully considering the record and the arguments of the parties, the Court finds Bee Spas' motion for summary judgment to be well-taken with respect to the plaintiff's strict liability and breach of warranty claims. Accordingly, Bee Spas' Motion for Summary Judgment [Doc. 44] is **GRANTED IN PART** and **DENIED IN PART**. The plaintiff's claim against Bee Spas will therefore be limited solely to the issue of negligent service and maintenance under the Tennessee Products Liability Act.

**ORDER TO FOLLOW.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge